[Cite as *State v. Ayers-Moore*, 2026-Ohio-3114.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE OF OHIO,                              :

    Plaintiff-Appellee,              :

                             No. 115652

v.                                          :

CARVELL AYERS-MOORE,                         :

    Defendant-Appellant.             :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 13, 2026

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-24-696461-C

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Adrienne E. Linnick, Assistant Prosecuting Attorney, *for appellee.*

Elizabeth Miller, Ohio Public Defender, and Faith M.R. Edwards, Assistant Public Defender, *for appellant.*

SEAN C. GALLAGHER, J.:

{¶ 1} Carvell Ayers-Moore appeals his convictions for involuntary manslaughter and related offenses stemming from his part in causing the death of Kentada Todd. Todd was fatally shot while asleep in bed next to her fiancé during a

drive-by shooting carried out from a stolen vehicle driven by Ayers-Moore, then age 14. The record indicates that Todd was not the intended target; that appears to have been a minor residing in the home known to the assailants. For the following reasons, we affirm.

{¶ 2} After the matter was bound over to the general division following the probable-cause and amenability hearings, Ayers-Moore pleaded guilty to involuntary manslaughter, improper discharge of a firearm into a habitation, felonious assault, improper handling of firearms in a motor vehicle, and receiving stolen property. As part of the plea agreement, Ayers-Moore agreed to a mandatory, stated minimum term of 15 to 18 years, with the understanding that the maximum term associated with that jointly recommended term was required by law and would be determined by his conduct in prison under the Reagan Tokes sentencing scheme.[1]

{¶ 3} The trial court imposed an aggregate stated minimum term of 16 years, but improperly imposed "maximum terms" independently calculated on each qualifying felony instead of using the calculation formula in R.C. 2929.144:

---

[1] Although the record does not contain the transcripts of the change-of-plea or sentencing proceedings, the docket reflects that Ayers-Moore was provided the Reagan Tokes sentencing advisements in both docket entries memorializing the two hearings. In the journal entry memorializing the change-of-plea hearing, the court noted that Ayers-Moore was notified of the "mandatory advisements regarding Reagan Tokes" that included the maximum term and the impact of the law on the final sentence to which he agreed. By jointly recommending a range for the stated minimum term, Ayers-Moore implicitly agreed that the stated minimum term was inextricably tied to a maximum term to be calculated at sentencing under R.C. 2929.144.

> The court imposes a prison sentence at the Lorain Correctional Institution of 16 year(s). This is an agreed recommended sentence. Defendant is sentenced in count 2 to a minimum of 10 years, a maximum of 15 years, in count 3 to a minimum of 5 years and a maximum of 7.5 years, in count 4 to a minimum of 5 years and a maximum of 7.5 years, in count 10 to 1 year and in count 11 to 1 year. Count 2, 3, and 10 shall run consecutive to each other. Count 4 and 11 shall run concurrent to each other.

That statement creating multiple maximum terms does not adhere to the statutory calculation for consecutive sentencing under R.C. 2929.14 and 2929.144(B)(2). *See State v. Jenkins*, 2025-Ohio-2143, ¶ 43 (8th Dist.) (S. C. Gallagher, J., concurring in judgment only).

{¶ 4} In this case, the minimum stated term under R.C. 2929.14(A)(2)(a), as jointly recommended by the parties, is 16 years. The maximum term for the qualifying felony offenses, however, should have been 21 years under R.C. 2929.144(B)(2); the maximum term being the aggregate of all consecutively imposed minimum or definite terms (16 years) plus 5 years (half of the longest term on the most serious qualifying offense consecutively imposed, which in this case is the 10-year term imposed on the first-degree involuntary manslaughter count). *See Jenkins*. There is only one calculated maximum term for all qualifying felony offenses per case file. *Id.* at ¶ 76. The final sentence should have been imposed as follows: The court imposes a minimum stated term at the Lorain Correctional Institution of 16 year(s). This is an agreed recommended sentence. Defendant is sentenced in count 2 to a minimum of 10 years, in count 3 to a minimum of 5 years, in count 4 to a minimum of 5 years, in count 10 to 1 year and in count 11 to 1 year.

Counts 2, 3, and 10 shall run consecutive to each other. Counts 4 and 11 shall run concurrent to each other. The maximum term for the qualifying felony offenses is 21 years.[2] *See id.* The imposition of separate maximum terms, calculated separately for each individual qualifying felony count by the trial court in this case, is incorrect and not in compliance with the formula in R.C. 2929.144.

{¶ 5} This observation is academic. Neither Ayers-Moore nor the State appealed the final sentence. Because the sentencing error was not appealed, it remains as imposed. *See State v. Sailor*, 2021-Ohio-2277, ¶ 23 (8th Dist.); *see also State v. Wilson*, 2006-Ohio-2750, ¶ 10 (10th Dist.). The impact of this is unclear but not relevant to the issues raised in this appeal. Ayers-Moore presented two assignments of error for review.

{¶ 6} In the first, he claims the juvenile court abused its discretion in relinquishing jurisdiction to the general division based on the juvenile court's determination that Ayers-Moore was not amenable to care or rehabilitation within the juvenile system under R.C. 2152.12(B). According to Ayers-Moore, his "actions were indicative of his youthful nature and rehabilitative potential within the

---

[2] The maximum term is a single calculation that applies to all qualifying felony offenses, so in addition to this method of imposing the sentence, the trial court could impose a non-life indefinite term of 10-21 years on Count 2, 5-21 years on Counts 3 and 4, and one year on Count 10, for an aggregate term of 16-21 years for those offenses. Because only Counts 2, 3, and 10 are consecutively imposed, the stated minimum term on Count 4 is not included in the maximum-term calculation, but the maximum term is nonetheless imposed on that count as well despite the concurrent service. The sentence on Count 4 is simply not operative, but the term must be imposed. Imposing multiple maximum terms for each qualifying felony offense based on an individual calculation for that offense does not comply with the calculation under R.C. 2929.144(B).

juvenile system" and on the night of the fatal shooting, he was merely "[h]anging with friends and smoking in the stolen car[,]" events he describes as partaking in "a teenage thrill." He additionally argues that his lack of a criminal record predating the fatal shooting is evidence of his amenability to the juvenile system, a statement not supported by the record because Ayers-Moore was on probation at the time of the shooting. The primary issue with Ayers-Moore's appellate argument is that it is divorced from the juvenile court's amenability determination.

{¶ 7} The amenability determination is driven by statutory factors. R.C. 2152.12(B)(3) requires a juvenile court to weigh the aggravating factors under subdivision (D) of that statutory section against the mitigating factors in subdivision (E) favoring retention of jurisdiction. *State v. Nicholas*, 2022-Ohio-4276, ¶ 29. Whether a juvenile is amenable to treatment in the juvenile system is determined by the greater weight of the evidence introduced at the hearing. *Id.* "By requiring only a simple outweighing, R.C. 2152.12(B) by its terms establishes a preponderance-of-the-evidence standard for deciding a juvenile's amenability." *Id.* "The greater weight may be infinitesimal, and it is only necessary that it be sufficient to destroy the equilibrium.'" *Id.,* citing *State v. Stumpf*, 32 Ohio St.3d 95, 102 (1987), and *Travelers' Ins. Co. of Hartford, Connecticut v. Gath*, 118 Ohio St. 257, 261 (1928). But that preponderance burden, or the reweighing of evidence in support of individual factors, is not the appellate standard of review.

{¶ 8} The juvenile court's amenability determination is reviewed for an abuse of discretion. *In re M.P.,* 2010-Ohio-599, ¶ 14. An abuse of discretion is

defined as "conduct that is unreasonable, arbitrary or unconscionable. And an 'arbitrary' decision is one made without 'consideration of or regard for facts or circumstances.'" *State v. J.B.*, 2026-Ohio-1405, ¶ 13, quoting *State v. Beasley*, 2018-Ohio-16, ¶ 12, and *Black's Law Dictionary* (10th Ed. 2014). "A decision is unreasonable if there is no sound reasoning process that would support that decision." *AAAA Enters., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161 (1990). "It is not enough that the reviewing court, were it deciding the issue *de novo*, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result." *Id.* An appellate court cannot substitute its judgment for that of the trial court. *J.B.* at ¶ 13, citing *Berk v. Matthews*, 53 Ohio St.3d 161, 169 (1990). "So long as the juvenile court considers the appropriate statutory factors and the record provides a rational and factual basis to support its decision, the juvenile court's amenability determination cannot be reversed." *State v. F.S.*, 2025-Ohio-1251, ¶ 34 (8th Dist.), citing *State v. Nicholson*, 2022-Ohio-2037, ¶ 206 (8th Dist.), and *State v. Crosby*, 2019-Ohio-2217 (8th Dist.).

{¶ 9} Ayers-Moore claims that the juvenile court's reliance on the statutory consideration of accomplice liability was "in tension" with the rehabilitative nature of the juvenile system. Any concerns with that claimed tension are for the legislature to resolve, not the courts reviewing statutory factors that include consideration of whether the offender was the principal actor or complicit in others' commission of the crimes. Minors complicit in criminal conduct are subject to transfer to the

general division under R.C. 2151.26(C). That statutory provision provides that a minor may be bound over "if he is fourteen years of age or older and the results of an investigation and hearing indicate reasonable grounds to believe that the child is not amenable to care or rehabilitation in the juvenile system" and the child should be "placed under legal restraint, including, if necessary, for a period extending beyond the child's majority." *State v. Hanning*, 89 Ohio St.3d 86, 93 (2000). One of the amenability factors, weighing in favor of juvenile court's retention of jurisdiction, is whether the juvenile is the principal offender or an accomplice. R.C. 2151.26(E). Ayers-Moore claims that the juvenile court erred in concluding that he caused the harm to the victim because he was an accomplice to the shooting; according to him, he did not actually pull the trigger or possess or handle a firearm, and therefore, he is amenable to the juvenile system.

{¶ 10} No authority was provided to support his contention that only the principal actors are responsible for the harm caused to the victim. As the State recognizes, whether the juvenile is the principal actor is an amenability factor considered in favor of the juvenile court retaining jurisdiction. R.C. 2152.12(E)(3). That one factor is not alone dispositive. The juvenile court further acknowledged that Ayers-Moore was not the principal actor with respect to the shooting itself. He facilitated the shooting and the codefendants' flight by driving to and from the crime scene. Notwithstanding the undeniable proposition that Ayers-Moore actively participated in the transportation necessary to committing the crime, the trial court considered his not being the primary shooter as required under R.C. 2152.12(E)(2).

The juvenile court noted, however, that that was the only factor weighing against relinquishment of jurisdiction.

{¶ 11} All other factors weighed in favor of the transfer, including in particular, Ayers-Moore's criminal history of gun or physical violence committed on separate occasions, his being on probation at the time of the murder, and the severity of the harm he caused to the victims being shot at in the sanctity of their home.[3] Because Ayers-Moore's focus is on one factor to the exclusion of the others, it cannot be determined that the juvenile court abused its discretion in relinquishing jurisdiction for felony prosecution. Ayers-Moore's argument is more an invitation for de novo reweighing of the evidence than adhering to the limitations of the abuse-of-discretion standard. The first assignment of error is overruled.

{¶ 12} In the second assignment of error, Ayers-Moore claims the trial court deviated from the agreed sentencing recommendation presented as part of his guilty plea and, therefore, he should be resentenced to delete the maximum term imposed. This argument conflates two standards of review and seeks a remedy neither provides.

{¶ 13} When a defendant and the State jointly recommend a sentence as part of the plea process, a trial court must inform the offender of the possibility of an

---

[3] Inasmuch as Ayers-Moore claims that he had no criminal history, the record indicates otherwise. Ayers-Moore was on probation for another crime at the time of the shooting, and he had two separate cases for shooting a victim and also for shooting into a Taco Bell with the bullet ricocheting into a car occupied by a man and a baby. Tr. 71:1-17. Any arguments derived from the misplaced emphasis on the alleged lack of a criminal history are disregarded based on the record.

upward deviation from the recommendation in order to render the plea valid should the jointly recommended sentence or sentencing range be rejected by the trial court at the sentencing hearing. *See State v. Swortchek,* 2020-Ohio-2831, ¶ 25 (8th Dist.), citing *State v. Dunbar*, 2007-Ohio-3261, ¶ 140 (8th Dist.) (concluding that a sentencing court must notify the offender of an intent to deviate in order to sustain the guilty plea). The failure to do so permits withdrawal of the plea since the deviation impacts the validity of the plea itself. The remedy is not to resentence by deleting the portion of the sentence that constitutes upward deviation as Ayers-Moore seeks in this appeal. *See id.*

{¶ 14} Ayers-Moore is not asking to vacate his plea, nor is he otherwise claiming that the plea was involuntarily entered, which would be the relief for an unadvised deviation from the jointly recommended sentencing. This complicates the analysis because the relief requested is not compatible with the argument presented. *See, e.g., State v. Rembert*, 2025-Ohio-5227, ¶ 10 (8th Dist.). Because Ayers-Moore is not claiming that the alleged deviation impacted his guilty plea, the cited case authority regarding the deviation from the jointly recommended sentence is inapplicable.

{¶ 15} Inasmuch as Ayers-Moore is challenging the sentence imposed and is seeking that the maximum term be vacated from the final sentence, that argument implicates R.C. 2953.08(D)(1): "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is

imposed by a sentencing judge." In other words, if there was a deviation from the jointly recommended sentence, the sentence would be reviewable on appeal under the unambiguous language of R.C. 2953.08(D)(1). *See State v. Thompson*, 2025-Ohio-4825, ¶ 14 (1st Dist.) (concluding that a jointly recommended sentence if imposed, is not reviewable on appeal). Without a deviation, however, the sentence is not reviewable unless it is contrary to law, the argument waived by Ayers-Moore in this appeal as noted earlier. *Id.*

{¶ 16} R.C. 2953.08(D)(1) establishes a statutory limit on an appellate court's ability to consider an appeal from a sentence. *State v. Gwynne*, 2019-Ohio-4761, ¶ 9, fn. 1. As the Ohio Supreme Court has expressly concluded, if the conditions under R.C. 2953.08(D)(1) are established, an appellate court lacks jurisdiction to hear the appeal. *Id.*, quoting *State v. Noling*, 2013-Ohio-1764, ¶ 22. Further, "'[t]hat appellant agreed to a sentencing range or sentencing cap, as opposed to a specific sentence, is immaterial.'" *State v. Andrews*, 2021-Ohio-1719, ¶ 10 (8th Dist.), quoting *State v. Grant*, 2018-Ohio-1759, ¶ 23 (8th Dist.). The trial court's imposition of a jointly recommended sentencing range, as with a jointly recommended sentence, precludes appellate review of the imposed sentence.

{¶ 17} The trial court accepted the jointly recommended aggregate stated minimum term of 15 to 18 years. The imposed stated minimum term of 16 years is within that range. In addition, the trial court advised Ayers-Moore at the change-of-plea colloquy that the jointly recommended sentencing range necessarily included the maximum term under the Reagan Tokes Law sentencing structure.

Although no specific maximum term was provided, according to the parties, the trial court explained the practical effect of the maximum term — that application of the maximum term depended on his prison conduct. Ayers-Moore does not challenge the trial court's description of the maximum term under the Reagan Tokes Law, codified in R.C. 2929.144, nor the inclusion of an unspecified maximum term as part of his agreement. His argument presumes that there was a departure from the jointly recommended sentence solely based on his narrow focus on the agreed range for the stated minimum term.

{¶ 18} The parties jointly recommended a range for the stated minimum term that included a maximum term as required by law. Ayers-Moore has not claimed that the plea agreement did not include the statutorily required maximum term, nor does he challenge the trial court's explanation of the maximum term during the plea colloquy. There was no deviation from the jointly recommended sentence according to the record and arguments presented for our review, and as noted earlier, there is no other challenge to the maximum terms imposed under R.C. 2929.144. The second assignment of error challenging the final sentence is overruled.

{¶ 19} Ayers-Moore's convictions are affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's

conviction having been affirmed, any bail pending appeal is terminated.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

LISA B. FORBES, P.J., and
MICHAEL JOHN RYAN, J., CONCUR